# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

IN RE THE APPLICATION OF:

| | | |
|---|---|---|
| ROY V. CRANE, | ) | |
| | ) | |
| Plaintiff/Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-17-849-D |
| | ) | |
| MONIKA G. MERRIMAN, | ) | |
| | ) | |
| Defendant/Respondent. | ) | |

## ORDER

Before the Court is Plaintiff's principal and supplemental motions for attorney's fees and costs [Doc. Nos. 22, 33], to which Defendant has filed her responses in opposition [Doc. Nos. 26, 35]. The matter is fully briefed and at issue.

## BACKGROUND

Pursuant to the Convention on the Civil Aspects of International Child Abduction (the "Hague Convention" or the "Convention"), as implemented by the International Child Abduction Remedies Act ("ICARA"), 22 U.S.C. §§ 9001 *et seq.*, Plaintiff brought the present action seeking, among other things, a temporary restraining order barring Defendant from removing the couple's

minor children from this district until a determination could be made as to the appropriateness of any further injunctive relief and the merits of Plaintiff's Verified Complaint and Petition for Return of Children. On September 14, 2017, the Court entered a Memorandum Opinion and Order [Doc. No. 20] in which it granted Plaintiff's petition and ordered that the couple's minor children, A.E.C. and R.F.A.C., be returned to New Zealand and placed in Plaintiff's custody pending further order of a New Zealand court or other disposition of the underlying custody issues. *See* Order, Sept. 14, 2017 at 16-17. Plaintiff now seeks an award of attorney's fees and costs incurred in these proceedings.

## DISCUSSION

With respect to the award of attorney's fees and costs, ICARA provides, in pertinent part, as follows:

> Any court ordering the return of a child pursuant to an action brought under section 9003 of this title shall order the respondent to pay necessary expenses incurred by or on behalf of the petitioner, including court costs, legal fees, foster home or other care during the course of proceedings in the action, and transportation costs related to the return of the child, unless the respondent establishes that such order would be clearly inappropriate.

2

*See* 22 U.S.C. § 2007(a)(3). Accordingly, Plaintiff moves the Court for an award of his attorney's fees, transportation costs, and other expenditures related to the return of the children, to wit:

1) $22,670.00 for legal work performed by his Oklahoma counsel, Laura McConnell-Corbyn and Shane M. Riddles-Hill, incurred in connection with these proceedings and an award of $1,015.05 in costs;[1]

2) $2,473.44 for legal work performed by his New Zealand counsel, Margaret Casey QC, incurred in securing representation in the United States and assisting moving counsel with case preparation;

3) $1,770.58 for legal work performed by his New Zealand counsel, Antonia Fisher QC, incurred in connection with proceedings in New Zealand and locating additional assistance;

4) $1,926.58 for round-trip airfare from New Zealand to Oklahoma;

5) $1,666.68 for airfare for A.E.C. from Oklahoma to New Zealand;

6) $182.19 for accommodations from September 11, 2017 through September 13, 2017, and an award of $866.25 for

---

[1] The Court Clerk previously assessed costs totaling $518.95 against Defendant [Doc. No. 27] and Plaintiff's request for costs includes that award. In a separate order, the parties were ordered to meet and confer to resolve the fee dispute; after such conference, Plaintiff was directed to file a supplemental motion to address any remaining issues. The parties were unable to come to an agreement, and Plaintiff seeks attorney's fees incurred in preparing the supplemental motion, as well as any subsequent hearing on its merits.

> accommodations from September 13, 2017 to September 18, 2017; and

> 7) $226.55 incurred for a car rental from September 11, 2017 through September 18, 2017.

Defendant contends any award of legal fees and expenses would be clearly inappropriate under the circumstances. In her response, Defendant cites the financial disparity between the parties, which Plaintiff does not refute: (1) Defendant's annual salary is 53,000 New Zealand Dollars ("NZD"); (2) Defendant has no significant assets of her own, (3) Defendant's monthly expenses exceed her monthly income, (4) Defendant has substantial debt, and (5) Defendant is on some governmental assistance and has applied for child support. By comparison, Plaintiff (1) owns his own company, (2) draws a salary of 84,000 NZD, and (3) owns two helicopters, a boat, and three residential properties, one of which is valued at nearly 1 million NZD. *See* Aff. of Monika Merriman [Doc. No. 35-1].

The "clearly inappropriate" caveat to ICARA's award of attorney's fees to a prevailing petitioner retains "the equitable nature of cost awards," such that a prevailing petitioner's presumptive entitlement to an award is "subject to the application of equitable principles by the district court." *Souratgar v. Lee Jen Fair*, 818 F.2d 72, 79 (2d Cir. 2016) (citations omitted). The term

"clearly inappropriate" is not defined in the statute, yet some considerations have arisen with frequency in the relevant case law. One is whether a fee award would impose such a financial hardship that it would significantly impair the respondent's ability to care for the child; a second is whether the respondent had a good faith belief that her actions in removing a child were legal or justified. *See Rath v. Marcoski*, No. 18-10403, 2018 WL 3799875, at *4 (11th Cir. Aug. 10, 2018) (unpublished) (collecting cases).

Another consideration—which bears some relevance to the first—is whether an award would be "clearly inappropriate" in light of the financial disparity between the parties. It is this consideration that resonates with the Court and leads it to the conclusion that, under the circumstances of this specific case, an award of attorney's fees would be clearly inappropriate. Defendant's professional training is in teaching. The Court noted in its previous order that teaching was, sadly, not a high-paying profession in Oklahoma. *See* Mem. Op. at 9 n. 4. Defendant has now moved back to New Zealand where she has no significant assets of her own, has increasing debt, and partly relies on governmental assistance. Although employed, Defendant has demonstrated that due to her income and expenditures, payment of Plaintiff's attorney's fees would present a financial hardship and affect her own

5

ability to care for her children. Citing similar financial circumstances and disparities, federal courts have denied a prevailing petitioner's motion for attorney's fees as "clearly inappropriate." *See, e.g., Aly v. Aden*, No. 12-1960, 2013 WL 593420, at *20 (D. Minn. Feb. 14, 2013); *Vasquez v. Colores*, No. 10-3669, 2010 WL 3717298, at *10 (D. Minn. Sept. 14, 2010); *Wilchynski v. Wilchynski*, No. 3:10-CV-63, 2010 WL 1068070, at *11 (S.D. Miss. Mar. 18, 2010); *Poliero v. Centenaro*, No. 09-CV-2682, 2009 WL 2947193, at *22 (E.D.N.Y. Sept. 11, 2009); *Vale v. Avila*, No. 06-cv-1246, 2008 WL 5273677, at *2 (C.D. Ill. Dec. 17, 2008).[2]

However, Defendant is not blameless in these proceedings and the Court finds it appropriate to award Plaintiff his non-attorney fee expenses in prosecuting this action. *See Souratgar*, 818 F.3d at 79 ("[I]n determining whether expenses are 'clearly inappropriate,' courts have considered the degree to which the petitioner bears responsibility for the circumstances giving rise to the fees and costs associated with a petition.") (citations omitted). As

---

[2] In *In re Polson*, 578 F. Supp. 2d 1064, 1072 (S.D. Miss. 2008), the court did not discuss its reasoning or the parties' finances, but stated an award of costs and fees to a father who had prevailed in a petition under ICARA for the return of his son would be clearly inappropriate due to the disparity in the financial resources between the parties.

6

noted in the Court's prior order, each of Defendant's proffered reasons for her actions were deemed unsupported by the evidence. *See* Mem. Op. at 8-9. An award of expenses is certainly more manageable for Defendant than would be an award that included attorney's fees. *See Vale*, 2008 WL 5273677, at *2. Moreover, an award of costs and expenses would be in accordance with ICARA in that it would, to some degree, restore Plaintiff to his financial position prior to the commencement of this action and serve as a deterrent to the type of conduct displayed by Defendant. *See id*.

Accordingly, the Court awards Plaintiff costs and expenses in the amount of **$5,883.30**, which represents the following items: $1,015.05 in court costs; $1,926.58 for Plaintiff's round-trip airfare from New Zealand to Oklahoma; $1,666.68 for airfare for A.E.C. from Oklahoma to New Zealand; $182.19 for Plaintiff's accommodations from September 11, 2017 through September 13, 2017, and $866.25 for Plaintiff's accommodations from September 13, 2017 to September 18, 2017; and $226.55 Plaintiff incurred for a car rental from September 11, 2017 through September 18, 2017.

## CONCLUSION

Plaintiff's principal and supplemental motions for attorney's fees and costs are [Doc. Nos. 22, 33] **GRANTED IN PART** and **DENIED IN PART**

as set forth herein. Defendant's Motion for District Court to Deny Costs [Doc. No. 28] is **DENIED**.

**IT IS SO ORDERED** this 7th day of September 2018.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE